THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO PARODI ET AL., Defendants and Appellants.

No. 7492. Argued March 29, 1938.—Decided May 25, 1938.

*Mariano Acosta Velarde* for appellants. *B. Fernández García, Attorney General* and *Harry B. Llenza, Law Clerk of* HOMESTEAD DIVISION, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A district court ordered the removal of a small frame house or room fourteen feet square, built without permission, on a lot already occupied by a dwelling. A qualified ownership of the dwelling house and lot had vested in the lessees under a contract of lease coupled with an interest, executed by the Commissioner of the Interior, in accordance with the provisions of "An Act to create a Homestead Commission; to authorize the construction of houses for artisans and laborers with funds of the People of Porto Rico; provide for the leasing of same, with a right to the ownership thereof; to improve the conditions of such lands of the People of Porto Rico as may be selected for the construction of said houses . . . ." approved July 11, 1921 (Session Laws, p. 386) and amended in 1928 (Session Laws, p. 466).

There are but two assignments. They are: first, error in holding that building restrictions imposed by law and the Homestead Commission in its regulations apply not only to lessees during the term of the lease, but also to the owners of the dwelling house and lot who have ceased to be such lessees; and, second, error in ordering the removal of the small house or room. The second of these two contentions must stand or fall with the first.

If the law, the regulations, and the lease were to be strictly construed, there would be much force in the argument for appellants. Such a construction would tend to deprive the Government of its control over the health and sanitation, as well as the insurance rates and other matters

connected with residential and business conditions in a housing and settlement project, and eventually to bring about a recrudescence of the undesirable conditions which every slum clearance project is designed to eradicate. To that extent it would be subversive of the obvious purpose and intention of the Legislature as disclosed by the history, general trend, and development of the law in question.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurs in the judgment.